## CIRCUIT COURT OF CAMPBELL COUNTY

James B. Fray, Adm'r of the Estate of
Calvin Conrad Callahan, Deceased

v.

Calvin C. Callahan, Jr., et al.

November 21, 1990

By JUDGE J. SAMUEL JOHNSTON, JR.

In deciding this suit to "ascertain distributees," I have considered the submitted authorities, the evidence *ore tenus*, and my own research. The suit is actually in the nature of a declaratory action and will be treated as such by me.

The facts of this case are not in dispute. The two natural children of Catherine Callahan, to wit, Kathleen and June, were the "children" of Calvin C. Callahan (deceased) for purposes of "virtual adoption" under the law of the State of Georgia. The decedent, Calvin C. Callahan, took in the children, allowed them the use of his surname, and in September of 1965, filed a petition to adopt Kathleen and June. A court of competent jurisdiction, the Superior Court of Houston County in Georgia, entered an order on December 17, 1965, granting custody of Kathleen and June to Calvin C. Callahan. A hearing concerning the final adoption was scheduled for six months thereafter but never took place. No final order of adoption was ever entered.

Lastly, a final decree of divorce was rendered by the Circuit Court of Appomattox County, Virginia, on January 8, 1969, divorcing Calvin C. Callahan from Catherine Lawson Callahan, the natural mother of Kathleen and June. The decree does not mention Kathleen or June.

Virginia does not recognize "virtual" or "equitable" adoption. Absent a final decree of adoption, there can be no valid Virginia adoption. Thus, no order for adoption could have been obtained or awarded by a court in Virginia based on the extent facts. It may be argued that "virtual" or "equitable" adoption is contrary to the public policy of Virginia.

However, the fact that the public policy of another state is contrary or repugnant to ours does not completely answer this dilemma. The U. S. Constitution in Article IV, Section I, requires each state to give full faith and credit "to the public Acts, Records, and judicial Proceedings of every other State." This is also mandated by Va. Code § 8.01-389(B). The rule has been followed unerringly by the Supreme Court of the United States since the case of *Fauntleroy v. Lum*, 210 U.S. 230 (1908). *Fauntleroy* required Mississippi to recognize and give full faith and credit to a Missouri judgment which was domestically illegal and unobtainable in Mississippi. More recently, in Virginia, our Supreme Court recognized the mandate of the Full Faith and Credit Clause in a suit to enforce a valid foreign judgment which was based upon a gambling debt. *See Coghill v. Boardwalk Regency Corporation, t/a Caesar's*, 240 Va. 230 (1990).

There is probably no more long-standing or firmly-entrenched public policy than that of Virginia's refusal to enforce gambling debts. The New Jersey judgment obtained in *Coghill* could not have been obtained in Virginia's courts or in a diversity action in a federal court sitting in Virginia. Thus, it seems obvious that Virginia would recognize a decree of virtual adoption obtained in Georgia.

The vital difference here is the absence of a Georgia decree or judgment. There is no act, record, or judicial proceeding that this court can give full faith and credit to. While the children of Catherine most assuredly could have been the beneficiaries of a virtual or equitable adoption decree, this never occurred. For this court to declare that Catherine and June are the legal heirs of Calvin C. Callahan would require me to enter or recognize a judgment or decree never obtained in Georgia. I am without authority to do so. Accordingly, I declare that Kathleen and June are not the legal heirs of Calvin C. Callahan and are not entitled to inherit from him.